## SET-OFF DISALLOWED WHERE CLAIMED AGAINST THE ASSIGNEE OF AN INVOICE AND BILL OF LADING.

Circuit Court of Cuyahoga County.

THE F. T. PEITCH COMPANY v. THE HATTIESBURG TRUST & BANKING COMPANY.

Decided, June 17, 1912.

*Assignment of Bill of Lading—Consignor Retaining Control of Shipment—Off-Set by Consignee of Claim Against Consignor, When Not Allowed.*

Where an invoice and bill of lading made out in the name of the consignee for goods sold the consignee are assigned by the consignor to a bank for an advance of 80 per cent. of the face value of the invoice, in an action thereon by the bank against the consignee, the latter can not off-set a claim against the consignor of which the bank had no notice, the course of dealing between the parties showing that the consignor reserved the right to control the goods shipped.

*Hauxhurst & Saeger,* for plaintiff in error.
*Pattison & Austin,* contra.

NIMAN, J.; MARVIN, J., and METCALFE, J. (sitting in place of Winch, J.), concurs.

The plaintiff in error was defendant, and the defendant in error was plaintiff in the court of common pleas. A jury was waived in the court below and the cause tried to the court. Judgment was rendered against the defendants there.

This proceeding in error is prosecuted to secure a reversal of said judgment.

On the 14th day of June, 1909, the F. T. Peitch Company placed with the Forest Lumber Company an order for lumber which was duly accepted and the lumber ordered was delivered to the carrier at Columbia, Miss., on July 15, 1909, by the Forest Lumber Company, through the agency of the Marion Lumber Company, which acted for the Forest Lumber Company. The lumber was consigned to the F. T. Peitch Company, at Cleve-

land, Ohio. After the lumber was delivered to the carrier, the Forest Lumber Company assigned the invoice therefor and the bill of lading to the Hattiesburg Trust & Banking Company and then received therefor a sum of money equal to eigthy per cent. (80%) of the face value of said invoice.

On the 19th day of July, 1909, the Hattiesburg Trust & Banking Company mailed the invoice, with an assignment written thereon by the Forest Lumber Company, together with the bill of lading, to the F. T. Peitch Company, requesting a remittance therefor. The invoice and bill of lading were received by the F. T. Peitch Company before the lumber reached said company. The F. T. Peitch Company refused to remit for the amount of said invoice to the Hattiesburg Trust & Banking Company for the reason that it claimed to have a set off against the Forest Lumber Company on account of the failure of said company to deliver a certain shipment of lumber under a former order accepted by it, whereby the F. T. Peitch Company was compelled to go into the open market and purchase lumber at a figure claimed to be $239.27 in excess of that which the Forest Lumber Company had agreed to furnish the lumber.

After the refusal of the F. T. Peitch Company to pay the invoice, the Hattiesburg Trust & Banking Company brought suit against it to recover thereon, and said the F. T. Peitch Company thereupon, in its amended answer, set up the damage it claimed to have suffered on account of the failure of the Forest Lumber Company to fill the said former order and prayed that the amount of said damage be set off against the plaintiff's demand. This set-off was refused by the trial court and judgment rendered in favor of the plaintiff for the amount representing the advance made by it on the assignment of said invoice and bill of lading together with interest thereon.

At the time the banking company took an assignment of said invoice and bill of lading and advanced eighty per cent. of the face value of the invoice, it had no knowledge of any set-off in favor of the F. T. Peitch Company against the Forest Lumber Company.

We are therefore called upon to decide what rights the Hattiesburg Trust & Banking Company acquired in the assignment

of the invoice and the transfer of the bill of lading to it and the advancement thereon of eighty per cent. of the amount called for in the invoice, without notice on its part of any set-off in favor of the consignee of the lumber against the Forest Lumber Company.

It is claimed on behalf of plaintiff in error that the title to the lumber passed to it upon its delivery to the carrier by the Marion Lumber Company, and that the Hattiesburg .Trust & Banking Company became a mere assignee of an account which is subject to the equity which the plaintiff in error had against the Forest Lumber Company on account of the set-off mentioned.

It is contended by the defendant in error that the bill of lading was the symbol of the property described in it and by the transfer of such bill of lading to the banking company, it in effect acquired a special ownership of the property as security for the advancement made by it.

We consider the case of *Emery's Sons* v. *Irving National Bank*, 25 O. S., 360, decisive of the question under consideration. In that case it was held:

"1.   By the rules of commercial law, a bill of lading is regarded as the symbol of the property therein described; and in case the shipper reserves to himself the *jus disponendi*, he can transfer the title, at any time before the property is delivered by the carrier to the consignee, as effectually by the delivery of the bill of lading as by the delivery of the property itself.

"2.   If the consignment be made by a vendor to a vendee, the question whether the consignor reserved the *jus disponendi* is one of intention, to be gathered from all the facts and circumstances of the transaction.

"3.   If the right to control the property be- reserved by the shipper, the carrier must be regarded as his agent; if not, then as the agent of the consignee.

"4.   On.such question of intention, the terms of the bill of lading are to be taken as- admissions of the consignor, and are entitled to great weight, but are not conclusive.

"5.   Nor is the fact, that the consignee had contracted with the carrier for special rates of freight, conclusive that the goods were delivered by the consignor to such carrier as the agent of the consignee.

"6.   Where the vendor of goods consigns them to the purchaser, taking a bill of lading from the carrier, and intending

to reserve the right of control over them, at the same time draws upon the purchaser for the price, and delivers the bill of exchange, with the bill of lading attached, to an indorsee, for a valuable consideration, the consignee upon receipt of the goods, takes them subject to the right of the holder of the bill of lading to demand payment of the bill of exchange, and can not retain the price of the goods on account of a debt due to him from the consignor.''

In the opinion, on page 366, it is said:

''By the rules of commercial law, bills of lading are regarded as symbols of the property therein described, and the delivery of such bill by one having an interest in or a right to control the property, is equivalent to a delivery of the property itself. A consignor who has reserved the *jus disponendi* may effectuate a sale or pledge of the property consigned, by delivery of the bill of sale to the purchaser or pledgee, as completely as if the property were, in fact, delivered. If such transfer of the bill of lading be made after the property has passed in to the actual possession of the consignee, the transferee of the bill takes it subject to any right or lien which the consignee may have acquired by reason of his possession. But if the bill of lading be transferred by way of sale or pledge to a third person, before the property comes into the possession of the consignee, the consignee takes the property subject to any right which the transferee of the bill may have acquired by the symbolic delivery of the property to him.''

We think the course of dealing between the parties here in previous transactions show that the right to control the lumber shipped was reserved by the Forest Lumber Company even though the bill of lading was made out in the name of the F. T. Peitch Company.

On two previous occasions, the Forest Lumber Company had shipped lumber to the F. T. Peitch Company and had assigned the invoice and bill of lading therefor to the Hattiesburg Trust & Banking Company. These invoices and bills of lading were mailed by the Hattiesburg Trust & Banking Company to the F. T. Peitch Company for collection and remittances were made.

Those transactions were sufficient to justify the trial court in reaching the conclusion that the right of control over the lumber shipped was reserved to the Forest Lumber Company. The

transfer of the bill of lading, together with the assignment of the invoice, was made to the banking company before the lumber shipped had passed into the actual possession of the consignee and the consignee had notice of this fact before it received the lumber.·

We think the necessary conclusion from these facts, applying the principles laid down in the case referred to, is that the F. T. Peitch Company took the lumber when it arrived subject to the right which the Hattiesburg Trust & Banking Company acquired by the symbolic delivery made through the transfer of the bill of lading.

The trial court, therefore, committed no error in refusing to allow the defendant's set-off, and the judgment is affirmed.

## SUFFICIENCY OF CHARGES UPON WHICH POLICE OFFICER WAS DISMISSED.